**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Javier BELTRAN–ANCHONDO, Defendant–Appellant.**

No. 03–51385.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

April 21, 2004.

Joseph H. Gay, Jr, Assistant US Attorney, US Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM.*

Francisco Javier Beltran–Anchondo appeals the sentence imposed following his

guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Beltran–Anchondo contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. He argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Beltran–Anchondo maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Beltran–Anchondo acknowledges that his argument is foreclosed by *Almendarez–Torres*, but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appel-

lee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under